UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FREDERICK NIGEL ATKINS #333064,                    Case No. 2:23-cv-00253

　　　　　　　Plaintiff,                              Hon. Robert J. Jonker
                                                   U.S. District Judge
　　v.

HEIDI WASHINGTON, et al.,

　　　　　　　Defendants.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This Report and Recommendation (R&R) addresses Defendant's motion for summary judgment due to Plaintiff's failure to exhaust his administrative remedies. (ECF No. 20.)

Former State prisoner Frederick Atkins filed a verified complaint under 42 U.S.C. § 1983 alleging that Defendants violated his Eighth Amendment rights by failing to protect him from an inmate assault while he was confined at the Alger Correctional Facility (LMF). (ECF No. 1.) In general terms, Atkins complained that he was having altercations with his cellmate and that the prison was not adequately treating his digestive diseases (Crohn's and chronic colitis). (*See* ECF No. 7, PageID.118-120 (screening opinion summary of Atkins's factual allegations).)

Atkins's complaint named eleven defendants. The Court dismissed ten of these defendants in a screening opinion and order. (ECF Nos. 7, 8.) As a result of this

decision, only Atkins's Eighth Amendment conditions of confinement and state law claims against Assistant Deputy Warden (ADW) Hubble remained in the case.

ADW Hubble, the only remaining Defendant, now moves for summary judgment due to Atkins's failure to exhaust administrative remedies with respect to claims Atkins has filed against her.   It is respectfully recommended that the Court grant ADW Hubble's motion for summary judgment and dismiss this case because Atkins failed to exhaust his administrative remedies.

## II.  Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury[1] or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

---

[1]    The Seventh Amendment does not always require courts to submit factual disputes about exhaustion to a jury. *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015).  If the factual disputes about exhaustion do not overlap with the merits of the plaintiff's substantive claims, then the court may conduct a bench trial to resolve the exhaustion issue. *Richards v. Perttu*, 96 F.4th 911, 923 (6th Cir. 2024), *cert. granted*, No. 23-1324, 2024 WL 4394132 (U.S. Oct. 4, 2024).  In a bench trial on exhaustion, the defendants must show that the plaintiff failed to exhaust his administrative remedies by a preponderance of the evidence. *Willey*, 789 F.3d at 677 (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)) ("Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence.").

251-52 (1986)).  The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III.  Exhaustion of Administrative Remedies

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove.  *Jones v. Bock*, 549 U.S. 199, 212-16 (2007).  "[W]here the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).  The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact."  *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies.  *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001).  A

prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones*, 549 U.S. at 218-19; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19. In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 644 (2016).

"Beyond doubt, Congress enacted [Section] 1997e(a) to reduce the quantity and improve the quality of prisoner suits." *Porter*, 534 U.S. at 524. In the Court's view, this objective was achieved in three ways. First, the exhaustion requirement "afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id.* at 525. Second, "the internal review might 'filter out some frivolous claims.'" *Id.* (quoting *Booth*, 532 U.S. at 737*)*. And third, "adjudication could be facilitated by an administrative record that

4

clarifies the contours of the controversy." *Id*. When institutions provide adequate notice as required under the PLRA, the opportunity to address the claims internally furthers the additional goals of limiting judicial interference with prison administration. *Baker v. Vanderark*, 1:07-cv-004, 2007 WL 3244075, *5 (W.D. Mich., Nov. 1, 2007).

The most common procedure through which a prisoner in MDOC custody exhausts his administrative remedies is the grievance procedure set forth in Michigan Department of Corrections (MDOC) Policy Directive 03.02.130 (effective on March 18, 2019).  According to the Policy Directive inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control.  *Id*. at ¶ Q.  If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution.  *Id*. at ¶¶ Q, W.  The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent.  *Id*. at ¶ Y.  The Policy Directive also provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely.  Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included."  *Id*. at ¶ S (emphasis in original).

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten

business days of the response, or if no response was received, within ten days after the response was due.  *Id.* at ¶ DD.  The respondent at Step II is designated by the policy.  *Id.* at ¶ FF.

If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form.  *Id.* at ¶¶ HH.  The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.  *Id.*  The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director.  *Id.* at ¶ II.

Where the grievance procedures are not available because the issue presented is non-grievable, exhaustion of prison grievance procedures is not required.  It is well-established that a prisoner "cannot be required to exhaust administrative remedies regarding non-grievable issues." *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004); *Mays v. Kentucky Dept. of Corrections*, 2018 WL 4603153, at *3 (W.D. Ky. Sept. 25, 2018) ("It is beyond debate that an inmate cannot be required to exhaust administrative remedies regarding non-grievable issues."); *Reeves v. Hobbs*, 2013 WL 5462147 (W.D. Ark. Sept. 3, 2013) ("Defendants cannot treat a complaint as non-grievable, and therefore not subject to the grievance procedure, and then turn around and maintain the claim fails because [the plaintiff] failed to follow the grievance procedure. As the well known proverb states, they cannot have their cake and eat it too.").

When prison officials waive enforcement of these procedural rules and instead consider a non-exhausted claim on its merits, a prisoner's failure to comply with those rules will not bar that prisoner's subsequent federal lawsuit. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010). The Sixth Circuit has explained:

> [A] prisoner ordinarily does not comply with MDOCPD 130—and therefore does not exhaust his administrative remedies under the PLRA—when he does not specify the names of each person from whom he seeks relief. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010) ("Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying *all* relevant defendants—not only furthers [the PLRA's] objectives, but it also prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation process."). An exception to this rule is that prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits. *See id.* at 325. We have also explained that the purpose of the PLRA's exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits to correct prison errors that can and should be corrected to create an administrative record for those disputes that eventually end up in court." *Id.* at 324.

*Mattox v. Edelman*, 851 F.3d 583, 590-91 (6th Cir. 2017).[2]

**IV. Analysis**

Defendant ADW Hubble asserts that "Atkins did not pursue any Step III grievances which named or identified ADW Hubble as a subject of the grievance at Step I." (ECF No. 21, PageID.176.) Hubble identifies one grievance that Atkins

---

[2]    In *Mattox*, the Sixth Circuit held that a prisoner may only exhaust a claim "where he notifies the relevant prison . . . staff" regarding the specific factual claim "giving the prison staff a fair chance to remedy a prisoner's complaints." *Id.* at 596. For example, grieving a doctor about his failure to give cardiac catheterization did not grieve the claim that the doctor erred by not prescribing Ranexa.

7

exhausted through each step of the MDOC grievance process: <u>LMF-23-07-0654-03B</u>. (ECF No. 21-3, PageID.198-200.)

A review of that grievance confirms Hubble's initial point – that Atkins failed to name her at Step I of this grievance.  The Step I response indicated that this grievance was forwarded to ADW Hubble so that he could further address the issue presented by Atkins.   Part of Atkins's Step I grievance and the associated response are shown below.

RESPONSE (Grievant Interviewed?    ☒ Yes  ☐ No    If No, give explanation.  If resolved, explain resolution.)
Prisoner Atkins 333064 and all staff involved interviewed. Prisoner Atkins refused to lock and was moved to Aspen unit on 6-25-23.
Prisoner Atkins indicated that a cousin of his may have been the perpetrator in crime against a family member of an inmate at this
facility, and also his medical condition prevents him from being housed at this facility. This issue has been forwarded for review by
the ADW of Housing P. Hubble for review and request for possible alt. level II placement. The grievant is currently in a single man
cell in segregation unit.  Grievance concerns have been addressed.

| _V._ | _7-17-23_ | _J. Naugaert_ | _7/17/23_ |
|---|---|---|---|
| Respondent's Signature | Date | Reviewer's Signature | Date |
| _Knaus_ | _PC_ | _J. Naugaert_ | _Rum_ |
| Respondent's Name (Print) | Working Title | Reviewer's Name (Print) | Working Title |

| Date Returned to Grievant: _7/18/23_ | If resolved at Step I, Grievant sign here. Resolution must be described above. | | |
|---|---|---|---|
| | | Grievant's Signature | Date  Ex. 2 |

DISTRIBUTION:   White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant     Page 8 of 10

(ECF No. 21-3, PageID.198.)

The undersigned agrees with Hubble's argument.  Simply stated, Atkins's Step I grievance did not assert claims against ADW Hubble.  Rather, the grievance *was forwarded to ADW Hubble* so that she could further address the issue after the events that Atkins complained about had been addressed.

Atkins's Step II and III appeals do not alter this basic conclusion.  (*Id.*, PageID.196.)  In these appeals, Atkins repeated his initial claims and challenged the grievance review process.  But he did not make complaints about Hubble.

It should be noted that Atkins's verified complaint asserted that he had exhausted all of his administrative remedies.  (ECF No. 1, PageID.11.)

### V. Exhaustion of Administrative Remedies

**64.**    Plaintiff immediately filed grievances regarding his inhumane treatment by staff, medical, including but not limited to, his living conditions, safety, and being transferred. The Plaintiff has exhausted his administrative remedies with respect to all claims and all Defendants.

**See Exhibit-A (Grievances, STEP I, II, and III).**

One of Atkins's attachments (ECF No. 1-1) included the grievance discussed above as well as several others.   His Step III grievance report (ECF No. 21-3) demonstrates that Atkins exhausted only one grievance – <u>LMF-23-07-0654-03B</u> – and that all the rest of his grievances were rejected.

In Atkins's response to Hubble's motion for summary judgment, he says that exhaustion would be "futile" and that his attempts to exhaust were essentially thwarted by state officials.  (ECF No. 25, PageID.206.)  This response, however, is unverified and conclusory.  Accordingly, the undersigned finds that it is insufficient to create a genuine issue of material fact.

In the opinion of the undersigned, Atkins did not exhaust his administrative remedies with respect to claims against ADW Hubble via <u>LMF-23-07-0654-03B</u> or any other grievance in the record.  Furthermore, Atkins has not presented evidence creating a genuine issue of fact regarding a thwarting claim.  For these reasons, it is respectfully recommended that the Court grant ADW Hubble's motion for summary judgment.

## V.  Recommendation

The undersigned respectfully recommends that this Court grant Defendant ADW Hubble's motion for summary judgment and dismiss this case without prejudice due to Atkins's failure to exhaust his administrative remedies.


Dated:   October 17, 2024                              /s/ *Maarten Vermaat*
                                                       MAARTEN VERMAAT
                                                       U. S. MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).